**JIANLIN ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71284.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, Jonathan M.F. Loo, Esq., USH—Office of the U.S. Attorney PJKK Federal Building, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jianlin Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Aruta v. INS*, 80 F.3d 1389, 1393 (9th Cir.1996), and we deny the petition in part and dismiss in part.

Assuming credibility, substantial evidence supports the IJ's finding that Zhang failed to establish that he was persecuted on account of a protected ground because he failed to show that he was held responsible for the oil spill because of his anti-Communist views. *See Kozulin v. INS*, 218 F.3d 1112, 1116 (9th Cir.2000). In addition, substantial evidence supports

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the IJ's finding that Zhang failed to establish that he possessed a well-founded fear of persecution on account of a protected ground because "[p]ersons avoiding lawful prosecution for common crimes are not ordinarily deemed refugees." *Chanco v. INS*, 82 F.3d 298, 301 (9th Cir.1996) (citing *Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992)).

Because Zhang failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

Because Zhang failed to exhaust his CAT claim before the BIA, this court lacks jurisdiction to review it. *See Vargas v. U.S. Department of Immigration and Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**